IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE ADMINISTRATIVE INSPECTION OF MCKESSON DRUG COMPANY DBA – MCKESSON DRUG CO. 3775 Seaport Blvd. West Sacramento, California 95691 | ) Magistrate Docket Number: ) ) ) ) 2:19-SW 0685  DB ) ) |

**APPLICATION FOR ADMINISTRATIVE INSPECTION WARRANT UNDER THE CONTROLLED SUBSTANCES ACT, 21 U.S.C. § 880**



FILED

AUG 0 1 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
   DEPUTY CLERK

TO: THE UNITED STATES MAGISTRATE JUDGE
    EASTERN DISTRICT OF CALIFORNIA

The Controlled Substances Act, 21 U.S.C. §§ 801-904, (the "CSA") provides for government supervision of those individuals or entities engaged in manufacturing and distributing controlled substances ("registrants"). The CSA requires that a manufacturer or distributor of controlled substances be registered with the Drug Enforcement Administration (DEA). 21 U.S.C. § 822. There are both civil and criminal penalties for violations of the Act. 21 U.S.C. §§ 825-865.

To ensure compliance with the CSA and its implementing regulations, the DEA is authorized to conduct inspections of a registrant's premises. 21 U.S.C. § 880. Specifically, the CSA authorizes the DEA to conduct administrative inspections to: (1) inspect records, reports, and other documents required to be kept or made under the Act; and (2) inspect the controlled premises, all pertinent equipment, drugs, and other substances or materials, containers, and labeling found therein (including

1

records, files, papers, processes, controls and facilities) appropriate for verification of the records, reports and documents, or otherwise bearing on the provisions of the Act;[1] and (3) inventory the stock of any controlled substance and obtain samples of such substances. 21 U.S.C. § 880(b)(3). "The statutory scheme envisioned by the Act is one of control through record keeping." United States v. Greenberg, 334 F.Supp. 364, 366 (W.D. PA 1971). "Any person who desires to shoulder the responsibility of engaging in the manufacture or distribution of these products . . . [is subject] to the regulatory system laid down by the 1970 Act." Id., at 367.

Upon a showing of probable cause, a United States District Judge or United States Magistrate Judge may issue a warrant for the purpose of conducting an administrative inspection. 21 U.S.C. § 880(d). "Probable cause" is defined by the CSA as "a valid public interest in the effective enforcement of [the Act]." 21 U.S.C. § 880(d)(1). "Probable cause" in the traditional criminal law sense is not required to support the issuance of an administrative warrant. Marshall v. Barlow's Inc., 436 U.S. 307, 320 (1978). Rather, the fact that a registrant has never been inspected to ensure compliance with

---

1. The Act provides for the inspection of items such as records, files and papers, the maintenance of which is not required under the Act, but which is appropriate for the verification of the requirements of the Act. 21 U.S.C. § 880(b)(3)(B). The Act does not specifically provide for the copying of such items. Id.

2

compulsory record-keeping requirements alone justifies an administrative warrant. United States v. Prendergast, 585 F.2d 69, 70 (3rd Cir. 1978), citing United States v. Goldfine, 538 F.2d 815, 818-819 (9th Cir. 1976).

In light of significant discrepancies from the DEA database between McKesson Drug Company's purchase and sale of Schedule II through V controlled substances, as well as its record distribution of such drugs, this inspection is to ensure that McKesson is in compliance with the current Memorandum of Agreement effective January 17, 2017. See attached Affidavit at paragraph 6.

Christina Grijalva, Diversion Investigator, United States Drug Enforcement Administration, stationed in the Sacramento, California District Office, hereby applies for an Administrative Inspection Warrant pursuant to the Controlled Substances Act, 21 U.S.C. § 880(d), for the inspection and search of the following controlled premises:

    MCKESSON DRUG COMPANY
    DBA - MCKESSON DRUG CO.
    3775 Seaport Blvd.
    West Sacramento, California 95691

This Application for an Administrative Inspection Warrant is based upon the attached Affidavit.

Dated: July 30, 2019

_____
Christina Grijalva
Diversion Investigator
Drug Enforcement Administration

Approved as to form:

_____
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE ADMINISTRATIVE INSPECTION OF MCKESSON DRUG COMPANY DBA – MCKESSON DRUG CO. 3775 Seaport Blvd. West Sacramento, California 95691 | ) Magistrate Docket Number: ) ) ) ) ) |

**AFFIDAVIT FOR APPLICATION FOR ADMINISTRATIVE INSPECTION WARRANT UNDER THE CONTROLLED SUBSTANCES ACT, 21 U.S.C. § 880(d)**

The undersigned, Christina Grijalva, being duly sworn, declare:

1. I am a Diversion Investigator with the Drug Enforcement Administration ("DEA"), United States Department of Justice, assigned to the Sacramento, California District Office.

2. DEA hired me in August 2012. I have received training in the manufacturing, distribution and dispensation of pharmaceutical controlled substances, and the corresponding records and inventories that are required to be kept pursuant to the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§ 801, et seq., (the "CSA").

3. Sections 878(a)(2), 880(b)(1), (2) and (3), of the CSA authorize me as part of my job to execute Administrative Inspection Warrants to inspect the controlled premises of persons and firms registered under the CSA. The inspections allow DEA Personnel to verify the correctness of all records, reports and other documents the CSA requires a registrant to make and keep. Specifically, the Act authorizes the DEA to

1

conduct administrative inspections to: (1) inspect records, reports, and other documents required to be kept or made under the Act; and (2) inspect the controlled premises, all pertinent equipment, drugs, and other substances or materials, containers, and labeling found therein (including records, files, papers, processes, controls and facilities) appropriate for verification of the records, reports and documents, or otherwise bearing on the provisions of the Act; and (3) inventory the stock of any controlled substance and obtain samples of such substances. 21 U.S.C. § 880(b)(3).[1]

4. McKesson Drug Company ("McKesson") is registered under the CSA as a Distributor and has been assigned DEA Registration Number PM0021535 in controlled substances Schedules 2-5. This registrant conducts business as McKesson Drug Company DBA McKesson Drug Co. located at 3775 Seaport Boulevard, West Sacramento, California 956915. McKesson is a controlled premise within the meaning of 21 U.S.C. § 880(a)(1) and (2), and 21 C.F.R. §

---

1. The Act provides for the inspection of items such as records, files, and papers, the maintenance of which is not required under the Act, but such inspection is appropriate for the verification of the requirements of the Act. 21 U.S.C. § 880(b)(3)(B). The Act does not specifically provide for the copying of such items.

1316.02(c)(1) and (2). As such, McKesson is required to keep complete and accurate records of all controlled substances received, sold, delivered or otherwise disposed at this

location. 21 U.S.C. § 827 and 21 C.F.R. § 1304.01, *et seq.* The inspection of the controlled premises is designed to ensure McKesson's compliance with the CSA and its regulations.

5. On July 26, 2013, the DEA Sacramento Office conducted an inspection at McKesson Drug Company.

6. Based on the results of that inspection, on January 17, 2017, McKesson Drug Company entered into an Administrative Memorandum of Agreement (MOA) with the United States Department of Justice (USDOJ), Drug Enforcement Administration (DEA). As part of the 2017 Settlement Agreement, McKesson agreed to a settlement payment in the amount of $150,000,000.00 for failing to report suspicious orders of controlled substances. The Memorandum of Agreement is in effect from January 17, 2017 to January 17, 2022.

7. On June 13, 2019, I completed an inquiry check of the DEA's databases regarding McKesson's distribution patterns. The inquiry check covered the top 25 drug distributors by drug code for pharmacies for the past two years of transactions. The results of this inquiry check revealed McKesson was the number one distributor for the past two years for the highly addictive and highly abused controlled substances oxycodone and hydrocodone as follows:

    a. In 2018, McKesson distributed 13,898,860 dosage units of oxycodone and 44,903,620 dosage units of hydrocodone

within the state of California for the 2018 transaction year.

b.   In 2017, McKesson distributed 15,584,620 dosage units of oxycodone and 48,982,340 dosage units of hydrocodone within the state of California for the 2017 transaction year.

c.   So far, in 2019, McKesson is also the number one distributor of oxycodone with 6,144,980 dosage units and 20,294,650 dosage units of hydrocodone.

d.   The DEA database revealed that McKesson reported more sales of Schedule II and III controlled substances than what purchasers reported purchasing from McKesson by an amount of 1,285,785 dosages and 8,902.70 grams, indicating inventory and recordkeeping discrepancies.  The DEA database also revealed that McKesson reported purchasing more Schedule II and III controlled substances than wholesalers reported selling to it by 116,032,246 dosages and 122,894.08 grams, indicating another recordkeeping discrepancy.

e. In addition, I identified from the DEA database that, since 2016, McKesson has failed to report suspicious orders of Schedule II controlled substance orders.

8.   Given these facts, I believe there are likely to be suspicious orders for controlled substances and record-keeping violations related to the distribution and/or dispensation of

4

controlled substances by McKesson. I further believe the requested inspection will help protect the public health and safety, and advance the CSA's public interest in enforcing the Act's oversight provisions. Pursuant to the 2017 Settlement and Memorandum of Agreement, I will verify McKesson's adherence to the Memorandum of Agreement and Compliance Addendum.

9. The DEA needs to review McKesson's containers, and labeling, and all other things therein including records, files and papers, processes, controls and facilities appropriate for the verification of the CSA, such as written and electronic correspondence regarding maintenance of inventories, theft or loss reports, communications related to McKesson's compliance with the CSA, written policies, procedures and training regarding maintenance of inventories, perpetual inventories, biennial inventories, internal audits and manuals or written material describing computer programs or other procedures the Pharmacy uses to maintain inventories of controlled substances appropriate for the verification of the records, reports, and documents required by the CSA.

10. I will be accompanied by one or more Investigators during the inspection who are employees of the Attorney General authorized to conduct administrative inspections and one or more DEA Special Agents. A return will be made to the on-duty Magistrate Judge upon the inspection's completion.

11. I have personal knowledge of the facts stated herein, and state they are true to the best of my knowledge.

_____
Christina Grijalva
Diversion Investigator
Drug Enforcement Administration

Sworn to before me and subscribed
in Sacramento, California
on this 30th day of July, 2019.

_____
Honorable Deborah Barnes
United States Magistrate Judge
United States District Court
For the Eastern District of California

6